GTE DIRECTORIES CORP., Plaintiff–Counter–Defendant–Appellee,

v.

Sherry McCARTNEY, individually, d/b/a Images Unlimited, d/b/a Eve Cejnar, a/k/a Eve Cejnar Defendant–Counter–Claimant–Appellant.

No. 99–56096.
DC No. SA CV 97–611 AHS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 15, 2001.

Decided March 21, 2001.

Before TASHIMA and FISHER, Circuit Judges, and ZILLY, District Judge.*

---

* The Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Cir. R. 36–3.

MEMORANDUM **

## I.

GTE Directories Corp. ("GTE") brought this action for declaratory relief against Sherry McCartney ("McCartney"). GTE alleged that McCartney, who was authorized to sell national yellow page advertising on behalf of GTE, failed to comply with GTE's terms and conditions relating to the submission of advertising orders–namely, she failed to make payments and was continuously late in submitting orders. Thus, GTE sought a declaration that it was entitled to refuse further orders submitted by McCartney. McCartney counterclaimed, alleging various state law claims and violations of the Clayton and Sherman Acts.

The procedural history of this case below is lengthy and mostly unnecessary to the resolution of this appeal. Of significant relevance here is McCartney's failure to respond to GTE's request for admissions. As a result of her failure, the admissions were deemed admitted. *See* Fed. R.Civ.P. 36(b). She attempted to withdraw these admissions twice, both times unsuccessfully.[1] She never filed a third motion.

GTE sought summary judgment on all claims and counterclaims primarily relying on the deemed admissions. In her opposition, McCartney argued that the district court should not grant GTE's motion based on the deemed admissions because McCartney presented evidence which contradicted those admissions. The district court disagreed and held that because no motion to withdraw was pending, McCart-

---

1. Her motions were denied without prejudice for failure to comply with the Local Rules. On appeal, McCartney does not challenge the Magistrate's denial of these motions.

ney was bound by the admissions. Thus, the district court entered judgment for GTE on all claims.[2] McCartney appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## II.

It is clear that a district court may grant summary judgment based on deemed admissions. *See O'Campo v. Hardisty*, 262 F.2d 621, 624 (9th Cir.1958). The question then becomes whether it is still appropriate to grant such a motion if the nonmoving party submits admissible evidence that contradicts the deemed admissions, yet fails to file a Rule 36(b) motion. We hold that it is. Rule 36(b) provides the exclusive remedy for withdrawal or amendment of admissions, and it provides that a court may do so "on motion." *See* Fed.R.Civ.P. 36(b); *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir.1987) ("[T]he proper procedural vehicle through which to attempt to withdraw admissions ... is a motion under Rule 36(b) to withdraw admissions."). Moreover, McCartney's introduction of allegedly contradictory evidence cannot serve as an "implied" motion to withdraw. *Cf. 999 v. C.I.T. Corp.*, 776 F.2d 866, 869–70 (9th Cir.1985) ("Evidence inconsistent with a Rule 36 admission is properly excluded."). Therefore, because there was no proper motion to withdraw before the court, the court did not err when it relied on the deemed admissions to grant GTE's motion for summary judgment on all claims. *See O'Campo*, 262 F.2d at 624.

AFFIRMED.